IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

CLIFTON ORLANDO SOLOMON                                      PLAINTIFF

v.                                          Civil No. 4:18-cv-04082

OFFICER HENSLEY, Miller County
Detention Center ("MCDC"); CORPORAL
BROWN, MCDC; CAPTAIN ADAMS,
MCDC; and KIM WATSON, MCDC                                  DEFENDANTS

**<u>ORDER</u>**

This is a civil rights action filed by Plaintiff Clifton O. Solomon ("Plaintiff") pursuant to 42 U.S.C. § 1983. Plaintiff proceeds *pro se* and *in forma pauperis*. The case is before the Court for preservice screening under the provisions of the Prison Litigation Reform Act ("PLRA"). Pursuant to 28 U.S.C. § 1915A, the Court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

**I. BACKGROUND**

Plaintiff filed his initial Complaint on May 14, 2018. (ECF No. 1). His application to proceed *in forma pauperis* ("IFP") was granted the same day. (ECF No. 5). Plaintiff is currently incarcerated in the Miller County Detention Center ("MCDC") awaiting trial on pending criminal charges. (ECF No. 1, p. 3). Plaintiff is asserting claims for alleged violations of the MCDC's disciplinary procedures, as well as for alleged violations of his due process rights. Specifically, Plaintiff alleges that on April 17, 2018, he was taken to a segregated cell by Officer Hensley and Corporal Brown to await a pending disciplinary hearing. (ECF No. 1, p. 4). Plaintiff alleges that placing him in a segregated cell prior to his disciplinary hearing violated the Inmate Handbook. (ECF No. 1, pp. 4-5). Plaintiff alleges that he remained in segregation for over week before he was brought before the MCDC's disciplinary committee on April 26, 2018. (*Id*.) Plaintiff claims that

"all charges were dismissed upon viewing of Video by disciplinary committee." (ECF No. 1, p. 2). Plaintiff is suing Defendants in their official capacity only. (ECF No. 1, pp. 4-5). Plaintiff seeks compensatory and punitive damages. (ECF No. 1, p. 7). In addition, Plaintiff requests an order requiring MCDC officials to follow the facilities' rules and policies as they are written. (*Id*.) Plaintiff further requests the termination of Officer Hensley's employment with the MCDC. (*Id*.)

## II. APPLICABLE LAW

Under the PLRA, the Court is obligated to screen the case prior to service of process being issued. The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted; or, (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded . . . to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). However, even a *pro se* Plaintiff must allege specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

## III. DISCUSSION

According to Plaintiff's Complaint, Defendants Hensley, Brown, Adams and Watson are employed as officers at the MCDC. In addition, Plaintiff alleges Defendants Watson and Adams are members of the MCDC's disciplinary committee. Section 1983 provides a federal cause of

action for the deprivation, under color of state law, of a citizen's "rights, privileges, or immunities secured by the Constitution and laws" of the United States. In order to state a claim under 42 U.S.C. § 1983, a plaintiff must allege that a defendant acted under color of state law and they violated a right secured by the Constitution. *West v. Atkins*, 487 U.S. 42 (1988); *Dunham v. Wadley*, 195 F.3d 1007, 1009 (8th Cir.1999). Under section 1983, a defendant may be sued in either his individual capacity, or in his official capacity, or claims may be stated against a defendant in both his individual and his official capacities. *Gorman v. Bartch,* 152 F.3d 907, 914 (8th Cir. 1998). With respect to official capacity claims, they are "functionally equivalent to a suit against the employing governmental entity." *Veatch v. Bartels Lutheran Home,* 627 F.3d 1254, 1257 (8th Cir. 2010). In other words, Plaintiff's official capacity claims against Defendants are treated as claims against Miller County. *See Murray v. Lene,* 595 F.3d 868, 873 (8th Cir. 2010).

"[I]t is well established that a municipality [or county] cannot be held liable on a *respondeat superior* theory, that is, solely because it employs a tortfeasor." *Atkinson v. City of Mountain View, Mo.*, 709 F.3d 1201, 1214 (8th Cir. 2013). To establish Miller County's liability under section 1983, "plaintiff must show that a constitutional violation was committed pursuant to an official custom, policy, or practice of the governmental entity." *Moyle v. Anderson*, 571 F.3d 814, 817 (8th Cir. 2009) (citation omitted).

Plaintiff describes the custom or policy of Miller County that he believes caused a violation of his constitutional rights as follows:

> According to The Inmate HandBook officer Hensley and Cpl. Brown violated the Disciplinary procedure, set in place by Miller County Jail Department, and Due to the fact that Inmate Clifton O. Solomon was placed in disciplinary Segregation Befor the process of Allow me to go Befor the disciplinary Committee violates my 14th Amendment of the Due process…The Disciplinary procedures and policy are under federal and state laws that Require Jail official to follow procedural Requirements and Certain guidelines, the written Disciplinary procedure was Violate Due to the fact that officer Hensley violated a prison constitutional right to

3

> no Allowing me my Right to go befor the Disciplinary committee Before Placing me in lockdown

(ECF No. 1, pp. 5-6). Plaintiff also submitted a Report of Disciplinary Committee Findings dated April 26, 2018, which appears to confirm Plaintiff's allegations that he was placed in segregation for nine days before he had a hearing. (ECF No. 1, p. 8).

Defendant Hensley and Adams' alleged failure to abide by Miller County's policy does not subject Miller County to liability under section 1983. As previously stated, a county "cannot be held liable on a *respondeat superior* theory, that is, solely because it employs a tortfeasor." *Atkinson*, 709 F.3d at 1214. In addition, the law is clear that an internal jail policy or procedure does not create a constitutional right, nor does the failure to follow such a regulation rise to the level of a section 1983 claim. *See Kennedy v. Blankenship*, 100 F.3d 640, 643 (8th Cir. 1996). Accordingly, Plaintiff has failed to state a claim against Defendants in their official capacity.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's claims against all Defendants in their official capacities are **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915A(b).

**This dismissal of this case constitutes a strike pursuant to 28 U.S.C. § 1915(g). The Clerk is DIRECTED to place a § 1915 strike flag on the case.**

**IT IS SO ORDERED**, this 18th day of May, 2018.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge